FILED

JAN 1 8 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

## FORFEITURE ADDENDUM

Defendant's conviction will include forfeiture. This forfeiture addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply.

A.    <u>Penalty</u>. In addition to the penalties in the plea agreement, federal law states Defendant must forfeit all right, title, and interest in any and all property, constituting, or derived from, any proceeds Defendant obtained, directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense, and all property, real or personal, involved in the offense, and all property traceable to such property.

B.    <u>Property Subject to Forfeiture</u>. As part of Defendant's guilty plea to Counts 1 through 3 of the Superseding Indictment, as set forth in section I of the plea agreement, Defendant agrees to forfeit all property seized in connection with this case, including but not limited to:

(1)    The real property located at 8529 Avenida Costa Sur, San Diego, CA 92154;

(2)    The real property in the City of San Diego, County of San Diego, State of California, known as Harvest Road Land Parcel;

(3)    The real property located at 8580 Avenida De La Fuente Suite F, San Diego, CA 92154;

All of which are described more fully in the Second Bill of Particulars (filed at ECF No. 59).

C.    <u>Basis of Forfeiture</u>. Defendant owns all the property in paragraph B and admits such property represents property, constituting, and derived from proceeds Defendant obtained, directly, or indirectly, as the result of the offense, and represents property used and intended to be used to commit and to facilitate the commission of the offense, and all property, real and personal, involved in such offense, and all property

1 traceable to such property, and that such property is subject to forfeiture to the United

2 States pursuant to 21 U.S.C. § 853(a)(1) and (a)(2), and 18 U.S.C. § 982(a)(1).

3    D.    Immediate Entry of Preliminary Order of Forfeiture. Defendant consents and

4 agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty

5 plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order

6 shall be final as to Defendant's interests in the properties. Defendant agrees to immediately

7 withdraw any claims in pending administrative or civil forfeiture proceedings to properties

8 seized in connection with this case that are directly or indirectly related to the criminal

9 conduct. Defendant agrees to execute all documents requested by the Government to

10 facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to

11 assist any other person or entity in contesting, the forfeiture of property seized in connection

12 with this case. Contesting or assisting others in contesting the forfeiture shall constitute a

13 material breach of the plea agreement, relieving the Government of all its obligations under

14 the agreement including but not limited to its agreement to recommend an adjustment for

15 Acceptance of Responsibility.

16    E.    Entry of Orders of Forfeiture and Waiver of Notice.  Defendant consents and

17 agrees to the entry of orders of forfeiture for such property and waives the requirements of

18 Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the

19 charging instrument, announcement of the forfeiture at sentencing, and incorporation of the

20 forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the

21 sentence that may be imposed in this case and waives any failure by the Court to advise

22 defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty

23 plea(s).

24    F.    Waiver of Constitutional and Statutory Challenges. Defendant further agrees

25 to waive all constitutional and statutory challenges (including direct appeal, habeas corpus,

26 or any other means) to any forfeiture carried out in accordance with this agreement,

27 including any claim that the forfeiture constitutes an excessive fine or punishment under

28

Forfeiture Addendum

2

Def. Initials

20-cr-03515-GPC

1  the United States Constitution. Defendant agrees to take all steps as requested by the

2  United States to pass clear title to forfeitable assets to the United States and to testify

3  truthfully in any judicial forfeiture proceeding.

4        G.    Agreement Survives Defendant; No Forfeiture Abatement. Defendant agrees

5  that the forfeiture provisions of this plea agreement are intended to, and will, survive

6  defendant, notwithstanding the abatement of any underlying criminal conviction after the

7  execution of this agreement. The forfeitability of any particular property pursuant to this

8  agreement shall be determined as if defendant had survived, and that determination shall

9  be binding upon defendant's heirs, successors and assigns until the agreed forfeiture,

10  including any agreed money judgment amount, is collected in full.

11

12                            RANDY S. GROSSMAN
                                  Acting United States Attorney

13    January 13, 2022           *Matthew Sutton*

14  DATED                     MATTHEW J. SUTTON
                                Assistant/U.S. Attorney

15

16    *10 - 30 -21*

17  DATED                     ROLAND J. HADDAD
                                Defense Counsel

18    *10 - 30-21*

19  DATED                     JUAN ALATORRE VENEGAS
                                Defendant

20

21

22

23

24

25

26

27

28

Forfeiture Addendum                              Def. Initials
                                          20-cr-03515-GPL